Gretchen L. Staft
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: michael_marks@fd.org

*Counsel for Defendant James Pearce*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES PEARCE,<br><br>                Defendant. | Case No. 3:24-cr-00063-SLG-MMS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant James Pearce, through counsel, Gretchen L. Staft, Assistant Federal Defender, submits this memorandum in anticipation of his sentencing hearing scheduled for May 12, 2025 at 1:00 p.m. At sentencing, Mr. Pearce will ask the court to impose a sentence of 24 months. Such a sentence reflects the nature and circumstances of the offense as well as Mr. Pearce's history and characteristics, and is sufficient, but not more than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## I.    ADVISORY GUIDELINE COMPUTATION

The PSR calculates a total offense level of 13, with a corresponding guideline range of 33 to 41 months (Criminal History Category VI). Mr. Pearce does not object to the guideline calculation in the technical sense but asks the court to grant a downward variance because the guideline range does not fully implement the statutory objectives of sentencing.

## II. STATUTORY SENTENCING FACTORS

As a general matter, strict adherence to the sentencing guidelines was struck down in *United States v. Booker*, 543 U.S. 220 (2005). Rather, the guidelines are just one of many factors the court must consider to fashion a sentence that is "sufficient but not greater than necessary" to achieve the sentencing goals enumerated in 18 U.S.C. § 3553(a). *Id*.

While all sentencing proceedings are to begin by determining the applicable guideline range, the District Court may not presume the guideline range is reasonable. *Rita v. United States*, 551 U.S. 338, 352 (2007)(citing *Booker*, 543 U.S. at 259-60). Nor should the guidelines range be given more or less weight than any of the sentencing factors among those set out in 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *Gall v. United States*, 552 U.S. 38, 46 (2007).

In this case, a sentence of 24 months is a fair application of § 3553(a) factors, including the advisory sentencing guidelines.

1) <u>The Nature and Circumstances of the Offense</u>

In the hours leading up to the instant offense on June 11, 2024, James Pearce contacted law enforcement several times asking to go to jail or the hospital. At approximately 7:25 a.m. Mr. Pearce called 911 from the front of the police station and said he was trying to turn himself into the Anchorage Jail for a parole violation; however, the operator told him he did not have a warrant for his arrest. Minutes later he called back, again asking to turn himself in. He added that he did not feel safe and asked for an

ambulance because he had been off his medications and would probably kill himself. He noted that he had already harmed himself that day and was paranoid schizophrenic.

Several hours later, Mr. Pearce showed up in the lobby of the Alaska Probation and Parole office and told his probation officer that he had lost his housing, used methamphetamine that day, and wanted to go back to jail to serve the remainder of his time. After conducting a urinalysis, his P.O. ushered him back out to the lobby. Shortly thereafter, Mr. Pearce walked across the street to the federal courthouse and made a bomb threat, finally succeeding in getting remanded to jail.

2) <u>Mr. Pearce's History and Characteristics; Seriousness of the Offense; Deterrence; Just Punishment; Protection of the Public; Medical and Correctional Treatment</u>

Mr. Pearce has a long history of chronic and debilitating mental illness. He suffered through a traumatic and turbulent childhood and does not have the benefit of family or other social support in his life. On the date of the offense, Mr. Pearce recognized that he was spiraling out of control and needed help, and jail was the place he believed he could get that help before hurting himself. It was only after several unsuccessful attempts to get into jail that he finally committed the instant offense, and it bears recognition that although his increasingly desperate attempts to be arrested escalated throughout the day, they escalated in ways that caused no physical danger or harm to others. Because his sole goal was to go to jail, deterrence would not appear to be an applicable factor in a sentence of incarceration in this matter. Rather, both Mr. Pearce and the public would be best served

by ensuring he is able to obtain appropriate medical and mental health treatment both during and following his incarceration in this matter.

Because the parties have agreed that the sentence in this matter will run consecutively with the 24 months imposed for the same conduct on his state probation revocation, the requested sentence would result in a composite sentence of 48 months.

3) <u>Any Pertinent Policy Statement Set Forth in the Guidelines</u>

Several policy statements, singly or in combination, in the Sentencing Guidelines could justify a downward departure in this matter: 5H1.3 (Mental and Emotional Conditions), 5K2.11 (Lesser Harms), 5K2.12 (Duress), 5K2.13 (Diminished Capacity).

4) <u>The Need to Provide Restitution to Any Victims of the Offense</u>

No restitution has been requested.

## III. CONCLUSION

For the foregoing reasons, a sentence of 24 months is sufficient, but not more than necessary, to meet the purposes of sentencing set forth in 18 U.S.C. §3553(a).

DATED at Anchorage, Alaska this 5th day of May, 2025.

                                        Respectfully submitted,
                                        FEDERAL PUBLIC DEFENDER
                                        DISTRICT OF ALASKA

                                        <u>*/s/ Gretchen L. Staft*</u>
                                        Gretchen L. Staft
                                        Assistant Federal Defender

<u>Certificate of Service</u>:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on May 5, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gretchen L. Staft*